## APPEAL OF THE LOS ANGELES CEMETERY ASSOCIATION.

Docket No. 293.    Submitted July 20, 1925.    Decided September 8, 1925.

> Moneys received by a cemetery association and held by it in trust for the perpetual care of plots and graves do not constitute income under section 233(a) of the Revenue Act of 1918.

*Frank P. Jenal, Esq.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

### Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a deficiency in income tax in the amounts of $474.77 for the year 1919, $601.40 for 1920, and $288.16 for the year 1921. The total deficiency of $1,364.33 results mainly from the inclusion by the Commissioner as income of $41,025 received by the taxpayer during the years in question for the perpetual care of graves and cemetery plots. The sole issue is whether moneys received and set aside in a separate fund to provide for the perpetual care of graves and cemetery plots can be properly considered as income of the taxpayer and taxed as such.

### FINDINGS OF FACT.

1. The taxpayer is a corporation organized for profit under the laws of the State of California with its principal place of business in the City of Los Angeles. It operates a cemetery in the County of Los Angeles known as " Evergreen Cemetery."

2. Upon the sale of a grave or plot in the said cemetery, if the purchaser desires and pays a specified sum in addition to the grave or plot price therefor, the taxpayer enters into an agreement with such purchaser to care for said grave or plot in perpetuity. The

essential portion of such an agreement for perpetual care is as follows:

> This certifies that the Los Angeles Cemetery Association, a corporation, has received of ———— the sum of ———— Dollars, in consideration of which the said corporation hereby undertakes and agrees that it will cause that certain lot or plot of ground in " Evergreen Cemetery," in the City of Los Angeles, County of Los Angeles, State of California, known and described as ———— from this date to be at all times properly cared for and kept in a trim and neat condition, and will maintain a lawn thereon, without further charge or expense.

3. During the years 1919, 1920, and 1921 the taxpayer received the following amounts from purchasers of graves and plots for the perpetual care thereof:

| | |
|---|---:|
| 1919 | $11, 655 |
| 1920 | 14, 525 |
| 1921 | 14, 845 |
| Total | 41, 025 |

These amounts were credited to the " perpetual care fund " in the books of the taxpayer and held by it in trust for the purposes expressed in the agreements. The Commissioner added the amounts received by the taxpayer for perpetual care to its income and the additional tax resulting thereon constitutes the entire deficiency at issue herein.

### DECISION.

The deficiency determined by the Commissioner is disallowed in part. The amount of the deficiency should be computed in accordance with the following opinion and will be settled on consent or on 15 days' notice, under Rule 50.

### OPINION.

GRAUPNER: The statutes of California contain specific provisions relating to corporations organized for the purpose of establishing and maintaining cemeteries. They provide that such a corporation may take and hold any property bequeathed, granted, or given to it in trust for the improvement or embellishment of a cemetery or lot thereon; for the planting or cultivation of trees, shrubs, or plants in or around such cemetery, or any lot therein, and for the improving, ornamenting, or embellishing of such cemetery, or any lot therein. (Civil Code, sec. 616.)

Regarding contracts between cemetery corporations and lot owners, the statute provides as follows:

> Any cemetery corporation or association under contract for the perpetual care of a certain lot or lots in the cemetery of said corporation or association,

is hereby expressly forbidden to use the funds received for the perpetual care of any lot or lots under such contract or contracts, for any other purpose than to provide the perpetual care mentioned in said contract, and it shall be the duty of the board of directors or board of trustees of a cemetery corporation or association receiving funds from perpetual care contracts to invest or reinvest such funds in bonds of the United States or the State of California, or in first mortgages on real estate, or in centrally located income producing improved real estate in any city or city and county in this State. (Civil Code, sec. 617.)

The facts before us in this appeal and the statutes governing corporations of the class to which the taxpayer belongs clearly demonstrate that the moneys taken under contract from lot or grave owners for perpetual care constitute a trust fund. Section 617 of the Civil Code of California, *supra*, expressly forbids the use of such funds " for any other purpose than to provide the perpetual care mentioned in said contract." How then can the taxpayer be said to have income or gain when it receives such funds? None of the moneys paid into the " perpetual care fund " can be used for any purpose other than that specified in the contract. Such funds can not be used for the profit of the taxpayer, nor can they be used for the benefit of the stockholders. They can be used only for " care " and the " care " specified in the contract does not bring gain or income to the taxpayer.

The moneys received by the taxpayer under its contract for perpetual care and held by it under the trust obligation imposed by the statute do not come within the definition of gross income as defined in sections 233(a) and 213 of the Revenue Act of 1918. The taxpayer sells nothing upon which a gain can be made to the person who enters into a contract for perpetual care; it takes nothing which it can use for its own purposes; it receives nothing which it may distribute to its stockholders; it holds nothing which it can ultimately distribute to itself for its own uses. The taxpayer as a trustee can exercise no discretion in the accumulation or distribution of the fund accumulated from perpetual care contracts. It is bound to perform a defined service with such fund and from that there can be no gain to be classed as income. We express no opinion whether interest or increment earned by such funds would be taxable as income.

The deficiencies determined for the three years were based upon a revenue agent's report dated February 27, 1924. Portions of such deficiencies result from disallowance or changes in items in which the taxpayer acquiesces. It will therefore be necessary to recompute the deficiencies in accordance with this opinion.

ARUNDELL not participating.